**IN THE COURT OF APPEALS OF IOWA**

No. 17-0454
Filed May 17, 2017

**IN THE INTEREST OF A.R., K.R., and P.R.,**
**Minor Children,**

**J.R., Father,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Tama County, Casey D. Jones, District Associate Judge.

　　　A father appeals the termination of his parental rights to his three children.

**AFFIRMED.**

　　　Melissa A. Nine of Nine Law Office, Marshalltown, for appellant father.

　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　　Laura A. Eilers of Peglow, O'Hare & See, Marshalltown, guardian ad litem for minor children.

　　　Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

A father appeals the termination of his parental rights to his three children, K.R., born in 2003; A.R., born in 2006; and P.R., born in 2008. He asserts the State did not prove by clear and convincing evidence the grounds to support the termination of his rights and, additionally, the strength of the parent-child bond and the children's preference should have persuaded the court that termination was not in the children's best interest. Because we conclude the evidence supports termination and nothing militates against termination, we affirm the order of the district court.[1]

**I. Background Facts and Proceedings.**

Most recently the children in this proceeding came to the attention of the department of human services (DHS) in the spring of 2015 upon allegations of abuse and denial of critical care perpetrated by the father in the summer and early fall of 2014. The family has a lengthy history with the DHS spanning over ten years, beginning when the oldest, K.R., was just an infant in 2004, and each interaction has consistently involved substance abuse, mental health concerns, and domestic violence perpetrated by the father. The child-in-need-of-assistance (CINA) adjudication prior to the current matter closed in April 2014 with the children placed in the father's care and living with the father's parents. However, shortly after the CINA matter closed, the father was kicked out of his parents' house for stealing. The father, who was on probation, tested positive for methamphetamine in September and returned to prison in October. After the

---

[1] The mother's rights to the three children were also terminated, but she does not appeal.

father went to prison, the children stayed with several different caregivers, eventually ending up with their maternal grandparents. In March 2015, while living with their maternal grandparents, the children reported to the DHS that they had observed their father abuse substances, they recounted that their father made them participate in criminal activity including theft, and they described the physical abuse they suffered from their father including being spanked with the metal part of a belt. A CINA petition was filed in April, and the matter proceeded to an adjudicatory hearing in July 2015. The court adjudicated the children CINA pursuant to Iowa Code section 232.2(6)(b), (c)(2), and (n) (2015). The court did not immediately order removal of the children in light of their voluntary placement with their maternal grandparents, but in January 2016, the court ordered the children to be removed from the grandparents' home and placed in family foster care. The children were placed in the same foster family that they had been in during prior CINA proceedings.

After the father was released from prison in the spring of 2016, he made great strides to meet the goals established to be reunited with his children. By late summer/early fall of 2016, he had progressed to semi-supervised and unsupervised evening visitation during the week and visitation on the weekend as well. However, in September 2016, he incurred new criminal charges related to an assault on another person with a baseball bat while he was heavily intoxicated, and the foster parents reported the children had increased behavioral issues when visitation with the father was increased. The father missed drug screens starting in October 2016, and then in December, the drug screens provided indicated he was abusing opiates. Also in December, the father's

girlfriend reported he became combative and threatening while intoxicated, while the children were present in the home. The father was in a car accident on an icy road while A.R. was a passenger. A.R. reported striking her head on the windshield but not reporting the injury to her father due to concerns about his temper. The father's girlfriend believed he was either still under the influence of some substance or "coming down" off the substance at the time of the accident, and the responding police officer noted the father was displaying odd behavior. The girlfriend also reported the father would crush his pain medication and snort it, and would consume alcohol. His visitations were again moved to supervised.

The State filed a petition to terminate the father's rights in October 2016, and the matter proceeded to a two-day hearing on February 1 and 22, 2017. After the father's former girlfriend testified on the first day of the hearing, charges were filed against the father for criminal mischief in the third degree and tampering with a witness—the former girlfriend—after it was alleged he shot out the windows of her car with a BB gun. After hearing the evidence, the district court terminated the father's parental rights under Iowa Code section 232.116(1)(d), (f), and (i) (2016). The father appeals.

## II. Scope and Standard of Review.

Our review of the termination of parental rights proceeding is de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). In reviewing the district court's ruling, we give weight to its factual findings, especially those findings involving witness credibility, but we are not necessarily bound by them. *Id.* Our primary consideration is the best interests of the children. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

**III. Statutory Grounds for Termination.**

When the district court terminates a parent's rights on more than one statutory ground, we only need to find the evidence supports termination on one of the statutory grounds to affirm. *In re S.R.,* 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). Under Iowa Code section 232.116(1)(f), the district court may terminate the parental rights of a parent if all the following has occurred:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The father does not dispute the first three elements, but he asserts the State failed to prove by clear and convincing evidence that the children could not be safely returned to his care. He points to the progress he made over the course of the case and asserts the court should not have relied on unverified reports from his former girlfriend, other hearsay, and suspicions raised by the DHS and the foster parents.

Upon our review of the record, we agree with the district court's assessment that while the father was making progress toward reunification for a few months, his behavior starting in the fall of 2016 demonstrated the recurrence of a cycle of substance abuse, assaultive behavior, and criminal charges that has been repeated over the past ten years. After progressing to unsupervised visitation, the father incurred new criminal charges in September 2016, which

were pending at the time of the termination hearing and remain pending at the time of this appeal, that have the potential of returning the father to prison for a substantial period of time. The father failed to appear for multiple drug screens and when he did appear, the screens showed opiate abuse. In addition, there were multiple reports from various law enforcement agencies and individuals that the father was abusing alcohol while caring for the children. We agree with the district court that there is clear and convincing evidence that the children could not be returned to the father's care at the time of the termination hearing.

## IV. Best Interest and Impediments to Termination.

Next, the father asserts that termination of his rights was not in the best interests of the children because of the closeness of his bond with the children and the stated preference of the children to remain in his care. *See* Iowa Code § 232.116(2), (3)(b), (3)(c). The district court noted:

> The court is keenly aware that the children love their father and state that they want to live with him. The court is further aware that the children have a strong bond with their father. That love and that bond are the only things which make the decision to terminate difficult for the court. The court believes the children will have a great sense of loss if [the father's] rights are terminated. However, the court agrees with the guardian ad litem that the bond between [the father] and his children is not a healthy bond at present. He has cared for the children while under the influence of substances and alcohol, he has used controlled substances in the presence of the children, he has incorporated the children into his criminal activity, he has domestically abused women, and he has accumulated a staggering criminal record. Even if he had not begun abusing his prescription medication and engaging in abusive and threatening actions towards [his former girlfriend], there would still be a great deal of uncertainty in returning the children to [the father] based on his pending criminal matters. It is very conceivable that [the father] could once again be sent to prison when those matters are finally resolved. . . .
> In the best interests analysis, the court takes full account of the children's desire to be returned to their father. At their ages, the

> children will always remember their parents and will likely not understand the court's ruling. Despite all they have been through and exposed to at the hands of their parents, termination of parental rights will undoubtedly be painful for them for a long time. Nonetheless, the court finds that the best interests of these children is for a stable, safe, loving home that can permanently be there for them into adulthood. Neither parent can provide such a home now or in the foreseeable future.

We agree with the district court's analysis that considering the time these children have spent in the juvenile court system—more than ten years—stability and permanency are in their best interests. Those are needs the father cannot provide now or in the foreseeable future. *See In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997) (stating when considering what the future holds if a child is returned to the parent, we must look to the parent's past behavior because it may be indicative of "the quality of care the parent is capable of providing in the future"). The closeness of the parental bond or the stated preference of the children is not sufficient to militate against termination in this case. We "cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). We affirm the decision of the district court terminating the father's parental rights.

**AFFIRMED.**